case number 3 17 0487 Don by joseph Van Cleve versus in council. I'm here on b Mr Sonny fam. The case co the court, um, arising o history between these pa against Mr Pham. However, the court arise from an o judgment entered by Judge complaint, which was for the real estate purchase comes before the court on judgment, the standard of court is de novo. Despite time explaining to you th we are today. I'll instea on the key issues, the ke believe, um, this court c along the way. The issues Mr Pham in his brief on a three. Did Miss Pham enga misrepresentation in indu induce Mr Pham, uh, throu agreement? Was there econ Miss Chung guilty of uncle that led to the execution purchase agreement. The m has been the issue of pro to the court. Fraudulent essentially has five elem element that has been in most contentiously in dis Mac addressed in his orde summary judgment was wheth statements was reasonable presented, um, cases and quotes from cases like th goldsmith case, which ess to an argument that this be treated similar to that other words, Mr Pham shou shouldn't have believed w him. And it's basically h an argument that Mr Pham the road of case. But the in those cases that I wou is that the negligence of by the fraud of the other advantage of by the latte you know, the, in Decembe and then turns out to be I guess I understand your but he signs an addendum the arguments, I guess my saying, hey, she caught m know what's going on. I d But when the time he come to change the closing dat that he's been duped agai still this? Well, we're w to enforce their real est The addendum, as you ment closing date. He did test that he didn't have any s of signing that he said t signature. I don't rememb that there is a question particular issue. But wha to enforce is the real es which was signed back in that's the agreement that what were the spectrum an that contract, that's the trying to enforce that le the argument would also b to the court was it that Sanford, Rhoda and Siegel there's an exception to t that you can be excused t from not reading a contra of those cases like Stamp are similar to the circum here. Um, in Stanford, th was a $4,000 note. He tho $650. No, that's what he in the note and relied on that, that in that case, his lack of following thr was excusable in the same the property of the selle buy this property and I'm and it's going to make yo more valuable. I'm going on it when in fact the wh to build a junkyard on it found that under those ci any additional due diligen special facts and circumst situation where there was intentional fraud committ in that case. And that wa that this is more than ju misrepresentation or or e misrepresentation. It was of opinion and puffery. T defraud Mr. Fam from his relationship with the parti individuals had known eac with each other. The natu relationship is disputed. at some point along the w a intimate romantic relat Miss Johnny's girlfriend. the nature of their busin because of this personal they were engaged in. Tha over the operation of the to her because of their p relationship. She says, n He raped me and I, the bu because this was all part we had all along that he the business. So these fa and they were never resol contention that the natur is extremely important to this dispute. Mr. Fan's r by someone that he consid you know, a person close can't trust the person cl on their statements. Whom rely upon? They had a long a close business relation paid the mortgage. That w It was her obligation und agreement that they had. to do with it. He basicall to her and said, you know, of it. So when we talk ab opportunity or should he' circumstances, I would su on Miss Chung and her rep reasonable. She waited un of town. He was in Wiscons Falls where his brother l some work for his brother that says you have to sig we, he wasn't told you ha to sell the real estate. his understanding was tha were, it was necessary to initiating a foreclosure a his property. There are s going to foreclose, the b locks on your doors, thei property. And again, this building isn't just a com It's also his residence w a one story building with there's no door or any se the basement level as his and his business office. where all of his persona when she calls him in Wisc going to put locks on the sign these papers, you kn is I've got to stop this. This is, you know, in his girlfriend, this is a per he wouldn't think would b his property from him. An him to go home. There's n him the documents. So the um procedure where he's g walmart where his brother facts. So he does this an and it's a one page signa he signs it without questi  more papers. And so a sec was sent. I believe this with the facsimile date s And again, this is a fact not all of that legible t he receives a second fax, real estate purchase agre and sends it back. And th only thing that that that is his understanding is t to come due shortly and h some kind of refinancing to be done. And this john you need to sign these pa going to take your buildin real estate deal that Mr. in. No, it is not. And th in the record to the fact and sold other properties And I'm not sure how relev your issue or your concer Chung are both Vietnamese lived in in the United St Um English is not their f they both speak English. with each other and with nationality and Vietnamese is a little bit different answer to your question, this is not the only buil ever built or the only bu ever bought or sold. He h upon. He had never, you k the bank. Um, and I say t that, that there, that th record. So I don't want t there. Would you be chara real estate person? I wou as a sophisticated real. purchased property. Um, b myself sophisticated in t you know, one of Judge Ma or his main issue after t argument was, well, what to know about, you know, the relationship of the p the scheme to defraud, he how much expertise Miss C has in real estate. And p process was, well, if she real estate expert, then on her. It'd be like, you advice on a medical issue to rely on a doctor, but Um, so I'm assuming that process. But in this case that was, that was really because the relationship I think would trump anyth the other part of that wa as I said, she was the on She was the one dealing w representative was a lady Fireball and Miss Firebal client of Miss Chunks. An each other on a regular b they had conversations wi this property. And Mr. Fa all of these things, he k Miss Chung and Miss Fireba the situation. He knows t to be paying the mortgage the mortgage before and h because of their, their s And so, and so because of don't think the, I mean, how much real estate expe not really relevant. What Mr. Fan was saying is tha telling Miss Chung, you k to be done. And then Miss sunny up and saying somet needs to be done. He's no what, what gone does or d estate. His thought proce what Miss Chung knows thr with the bank about the s So the party's relative e dealings, I don't think i issue in determining wheth Mr. Fans reliance was rea There were other two othe to the trial court, econo hands and the court didn' at all. As far as the iss the court basically says, or I don't, you know, som lines with respect to the hands. The court didn't a at all. So there are no f of fact made and no partic just inferred by the grant judgment that the judge d defenses as well. Um, brie I'm just getting, getting have some Mr Van Fleet. P Council. My name is Joe V the appellee Don Chung, w in the courtroom with us. the summary just specific in particular, specific p judgment for specific per isn't awarded every day. that goes with it. But as if there's a case that's it's this one. Our case i facts. Most of what we hea appellant is a combinatio and all coming down to to going to foreclose. I'll But let's talk about the is under the property. It 78 14 North Summer Street price as well as all othe in the four corners of th No allegation of ambiguity mistake will you find any record. Now signature. M absolutely undisputed tha the contract and the even I've heard early in argum be a contested fact. This ever heard. It's a contest record is replete with ju by the appellant that he and the addendum. I think later in the argument tha fact, but I just want to That is not a disputed fa to trial. The appellant h signed a contract. All co the appellee were met, fi obtained, inspections occ by the way, during the 3 the contract and the adde claims he didn't know what undisputed that the contr and complete comes from s contract. And it's also u remedy found in section a sorry, of the contract. I It is also undisputed that an opportunity to review 37 days between the signi contract and signing of t And that I respectively s court's decision in Lion' that case, ignorance of t an excuse when you sign i to not be represented by an excuse when you sign t get the same ignorance wh signed a contract, there' there's no mistake. Lion' here. Make no mistake. I raised in lions lumber, b aren't aren't in play her reformation in lions lumb I didn't think I was on t just the principle. So th in the dissent that maybe this. Maybe we need to go the party's thought when that's not in play here. majority disregarded even But even if you didn't, t you tell him you're saying whole thing because I did We're not sure which argu because sometimes he said I was signed and it was j and I was under duress. S sometimes he argues, well contract to sell the buil wasn't my intent. I reall do it. Those are mutually theories and they continu both of them. So once we nature of this contract, We have, we have a couple Well, the public open arg a complicated case. No, i complicated at all. We se about the four corners of all those things. But wha for example, contract fac was done by fax because h he was out of town a lot. of the facts proposed, ma forth by council, I would disputed. I don't wanna a don't think they're perti he was out of town a lot. dispute whether he actuall wasn't zoned for it. It w unit in the basement. Uh, have to do with? In other he signed the contract be he signed it, we're gonna to the bank. Otherwise the find a place up. And so I longer. What? No, it's li wait till he showed up in why wasn't it mailed to h to that number one. It wa signed. As I said, the op of town a lot. He owns, I property in Wisconsin, al in California and owns pr in other areas of Illinois a lot. But the answer to long term shortly. That's up. That's why conversatio between Ms. Fireball, a l chum. Those conversations because the loan was matu at the end of 2015. So we november and december of of the loan. That's why t had to take place. So is case? I don't think so. L what the opponent wants t complicated. They didn't and often they want to ta relationship. Judge Mac a right. That personal rela it existed has nothing to It's nothing to do with t going to do a specific en contract. And this also g it get into the affirmative of the reliance and urgen of all, is your client? U note, but she wasn't in t not on the note on the mo that sort of leads me to would this banker be tell this is this not coming d why are those things that to from a banker about an not a party to unless the The banker talked to Don banker was aware of of th building. This wasn't so in october of 2015. They' it since Don chum took ov 2009. The lender was very go back and read the depo that conversation that to version of her deposition She brought it up becaus the appellant's informat check on him. They were g loan with him. Don chum w run a credit check on you proposed buyer, you will going to get this done, a do it because once that l has to be done. And that conversation. And that's of why the two of them we like a balloon situation would be, we do at the en certainly wouldn't turn d 30 year amortization, 30 At some point at the end was due. I don't even kno how long it had been in p before 2009. I think arou maybe 10, maybe 15 years been paying on it. I'm no what year Mr. Femme bough I think the answer though agree. Yeah, sure. This r a role, but he had two pr one and it's something th up yet. The court's got t account. We're talking a who has these factual the no written factual discov them or build on them or to support them. None on we filed affidavits, we'r a cullent that didn't fil affidavit to contradict a heard a few minutes ago o The party opposing summa has some burden in estab fact. And quite simply, t do it here despite ample Mac said, all right, we'v judgment. We've been thro either going to set a tri rule on summary judgment. I haven't heard enough ev reliance. Mr. Fan, all of defenses have a reasonabl to them. And I believe he those cases. It's first o you don't have a proverbia this case. But he also sa have reasonableness to th They didn't develop that. any facts to suggest he w at all. And so Max said t reasonableness component these remaining affirmati And I want you to go, go up affidavits and come ba on whether or not this ca trial. So that's what we of reasonable reliance. W affidavits specifically o experience and how reason not be to rely on stateme respect to a real estate the appellant do? Same th the case. Nothing. Didn't didn't supplement the arg didn't file any countera facing an appellant reall this case very seriously nothing in the record to of the dots. If this cour a reasonableness componen defenses, nothing in the dot to the misdirection t that the appellant brings relationship. Uh, this bu I didn't read the contrac How is it reasonable that didn't read the contract a one page addendum that says this transaction tha on. The closing for that be extended a few days. T said. And again, we've go all of our contingencies time period. He's got to is going on. Any reasonabl been. So justices, I don' this is a close case. I d performance on a contract a close case. But I think right for that. I think J and there's nothing in th reversing that decision. there any questions. I'm started. Yes. Okay. You f Yes. And what evidence d in opposition to the summ didn't file anything in f anything of an evidentiary to the summary judgment o you file for opposition t the depositions of the pa and the depositions of mr of Miss Chung were the pr in support of the affirma I have to take issue with were clear. They've been filed with the court. Yes the basis of all of the f to Judge Mack was the tes testimony of the parties. to say, one thing I do ta Van Fleet and he made a s Mack. There were two hear judgment motion. First ti motion. He said, it's a c am interested in what I w what I want to hear more of real estate expertise had. He didn't ask about in general. That's not wh and you don't have to tak is all in the record. You yourself. But he said, I and and file affidavits o whatever you want to do a Miss Chung's expertise in only issue addressed at t Miss Chung filed affidavi this is how much real est don't have. Mr. Chum or M no basis to to contradict real estate expertise was that that wasn't the prim court should have been fo the reasons that I explai was really, if not irrelev given all of the other ci and the other aspect of t of these parties. Um, yo about there were question O'Brien asked, why was th him in Wisconsin? Or why lender aware of all of th all factual issues. And M his version of why he tho happened and why he thought Mr. Fam has a different v those are issues that Ju address. There weren't an of fact about this is wha relationship to be. It wa not intimate. They had th relationship. They had th relationship. Those factu specifically addressed. J said, I'm finding that Mr not reasonable under thes he specifically, um, pre relied on the issue of t of expertise that Miss Ch world. Um, as I started t were two other issues befo the court didn't really a dress and unclean hands. The standard for economic in this case where the co where there's a wrongful a contract under circumst of the exercise of free w that was cited in that ca is bereft of the quality of a contract. And it doe gun, you know, it doesn't or tortious or illegal. U there that morally wrong in economic duress, hard specific financial hards isn't enough. But it does element of fraud. One min what we argued to the cou here that there was an el This was all a fraud to a Mr. She waited until he w until he was up in Wiscon together this, this whole and you have to do it. No hands is very simple in o equity. You must do equit is that Miss Sam fraudul or fraudulently induced M induced Mr Fam into signi all of the reasons that w in the brief and into the court based on the fraudu issue. If there are any o be happy to answer those. Thank you. Thank you for today. Uh, likewise, Mr. matter will be taken under